PER CURIAM.
J.A.B. timely appeals an adjudication of delinquency and disposition of two consecutive terms of probation after being found guilty of two counts of battery. First, he challenges one of his two adjudications for battery. He asserts the trial court erred in denying a motion for judgment of dismissal on grounds the circumstantial evidence was insufficient. Second, he claims *1114 the trial court violated his Fifth Amendment right to maintain his innocence by imposing a harsher disposition as a result of his refusal to apologize at disposition. We reverse on the first issue and find the second issue has no merit without further discussion.
L.B. was walking home from school when she saw J.A.B. and another boy named Isaiah cross the street and begin following about ten feet behind her. The boys tried to get L.B.’s attention by calling to her. L.B. took one glance back, turned around, and continued walking. She then felt someone slap her butt. She immediately turned around and saw J.A.B. right behind her and Isaiah two steps behind J.A.B. She asked J.A.B. why he slapped her, but both boys just smiled and laughed at her. L.B. turned back around and continued walking. Five steps later, she felt someone grab her butt. She did not see who grabbed her, but saw someone out of the corner of her eye, and assumed it was J.A.B. because he was closer than Isaiah was the first time she turned around. L.B. did not turn around, but instead went straight to her house and told her parents. J.A.B. was ultimately arrested for lewd and lascivious conduct and battery, although the former charge was reduced to simple battery.
At trial, J.A.B. moved for judgment of dismissal as to the second count of battery on grounds that L.B. did not testify to seeing him grab her buttocks the second time. The trial court denied the motion, which J.A.B. claims was error because there was insufficient circumstantial evidence to rebut every reasonable hypothesis of innocence — that Isaiah grabbed L.B. the second time.
“A special standard of review of the sufficiency of the evidence applies where a conviction is wholly based on circumstantial evidence.” State v. Law, 559 So.2d 187, 188 (Fla.1989). “Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence.” Id.
Here, the evidence that J.A.B. was guilty of the second battery was entirely circumstantial, as there was no direct evidence J.A.B. touched L.B. the second time. L.B.’s testimony that, after she was touched a second time, she saw someone out of the corner of her eye and assumed it was J.A.B. is not inconsistent with the theory that Isaiah moved forward past J.A.B. in the five steps between touches and touched L.B. the second time. Therefore, we affirm J.A.B.’s adjudication for one count of battery, but reverse the adjudication on the second count of battery.

Affirmed in part, and Reversed in Part, and Remanded.

WARNER, STEVENSON and CONNER, JJ., concur.